UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:                                                    Case No. 08-64596-wsd

PAUL BUSCEMI,                                             Chapter 7

    Debtor.                                               Hon. Walter Shapero
_____/

THOMAS BUTCHER,

    Plaintiff,

v.                                                        Adv. Pro. No. 09-4165-wsd

PAUL BUSCEMI,

    Defendant.
_____/

### **OPINION DENYING DEFENDANT'S MOTION TO DISMISS (Docket No. 14)**

    This matter came before the Court upon Defendant's Motion to Dismiss (Docket No. 14) on account of Plaintiff having allegedly failed to timely file his Complaint. Plaintiff opposes the motion, arguing that the Complaint was timely filed. The Court held a hearing at the conclusion of which it informed the parties that it would contact the Bankruptcy Clerk's Office to inquire as to the circumstances of the adversary filing. The Court sent a summary of the results of its inquiry to each of the parties and gave them an opportunity to further brief the issue if they so desired. Neither party filed a responsive brief or other pleading. The matter is thus to be decided upon the pleadings, the evidence introduced at the hearing, and the results of the indicated Court's inquiry.

    The Court finds the following facts:

1. January 19, 2009 was the deadline to file complaints objecting to discharge in Bankruptcy Case No. 08-64596.
2. January 19, 2009 being a federal holiday and the Court being closed, the deadline was extended by operation of Court Rules to January 20, 2009.

1

3. On January 20, 2009, a non-attorney representative from Plaintiff's Counsel's office appeared in the Bankruptcy Court Clerk's office with (1) an adversary complaint, (2) a motion to file pleadings in traditional paper form, (3) an adversary proceeding cover sheet, and (4) a check for the $250.00 filing fee. The representative was informed that the Clerk's Office does not accept checks. The representative then drew up a handwritten Motion to Extend Time to File Adversarial Complaint (Docket No. 5) requesting a two day extension of the filing deadline. The representative left the Clerk's Office that day leaving behind the (1) adversary complaint, (2) motion to file pleadings in traditional paper form, (3) adversary proceeding cover sheet, and (4) motion to extend time.

4. Several days later, the Clerk's Office telephoned Plaintiff's Counsel's Office informing that the Motion to Extend Time to File Adversarial Complaint (Docket No. 5) had been granted, and Plaintiff could tender payment of the filing fee.

5. Upon receiving payment on January 27, 2009, the Clerk's Office time stamped the pleadings which they had in their possession since January 20th, but instead of stamping them with that day's date, or with January 20th, the date they were physically received, the Clerk's Office stamped them January 23, 2009.

6. According to the Court's procedures, in these circumstances the motion for permission to file traditional paper pleadings and the complaint should have been time-stamped January 20, 2009.

7. On March 6, 2009, Plaintiff filed his Motion To Amend Order Establishing Filing Date Of Adversarial Proceeding Nunc Pro Tunc (Docket No. 11) seeking to have the deadline extended to January 23, 2009, the date which was time-stamped on the Complaint.

8. On March 10, 2009, Defendant filed the instant Motion to Dismiss. Plaintiff filed a Reply, and a hearing was held April 9, 2009. At the conclusion of the hearing, the parties raised the fact that the deadline for response to various motions filed by Plaintiff, including his Motion To Amend Order Establishing Filing Date Of Adversarial Proceeding Nunc Pro Tunc (Docket No. 11), was set to expire the following day, April 10, 2009. At the suggestion of the parties, the Court extended the deadlines for 30 days.

2
09-04165-wsd    Doc 26    Filed 11/10/09    Entered 11/10/09 15:50:10    Page 2 of 4

9. On May 14, 2009, Plaintiff filed a Certification of Non-Response for the Motion To Amend Order Establishing Filing Date Of Adversarial Proceeding Nunc Pro Tunc. (Docket No. 23). The Court then entered an Order extending the time to file an objection to discharge to January 23, 2009. (Docket No. 24).

Defendant's argument is straightforward: the Court granted Plaintiff's motion to extend the deadline to file objections to discharge to January 21, 2009, and the date of the filing of the Complaint as shown on the Docket is January 23, 2009. Therefore, the Complaint was untimely and should be dismissed.

The deadline for filing a complaint objection to discharge is established by Bankruptcy Rule 4007(c). The Sixth Circuit Court of Appeals has recognized instances when a court should employ its equitable powers to permit an untimely filed complaint to proceed. See, e.g., *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir. 1994). The deadline set forth in Rule 4007(c) is not jurisdictional, but rather is a statute of limitation, or simply a deadline, and thus subject to equitable considerations. *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003).

Here, several considerations lead the Court to conclude that the Complaint should be treated as timely filed. First, under the Court's own procedures, upon receiving the filing fee the Complaint should have been date-stamped and treated as filed on the day it was initially received – January 20, 2009. Second, the Defendant was aware of the likelihood of the adversary proceeding by virtue of the pending state court action and Plaintiff's Counsel's non-attorney representative's appearance at the section 341 meeting of creditors. Defendant has not iterated any prejudice he would suffer as a result of treating the Complaint as timely filed, other than having to defend against the proceeding which is not the type of prejudice which is sufficiently cognizable or decisive in this situation. Third, Defendant did not object to Plaintiff's Motion To Amend Order Establishing Filing Date Of Adversarial Proceeding Nunc Pro Tunc, and an Order was entered extending the deadline to January 23, 2009, the date which the Complaint is time-stamped.

These considerations lead the Court to treat the Complaint as timely filed.  Now therefore, Defendant's Motion to Dismiss is DENIED.  An order to that effect is being entered contemporaneously herewith.

.

**Signed on November 10, 2009**

            **\_\_\_\_ \_\_/s/ Walter Shapero\_     \_\_\_**
            **Walter Shapero**
            **United States Bankruptcy Judge**